UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FREDY RENE PALMA-ESPINAL,<br><br>    Plaintiff,<br><br>v.<br><br>D.O.C. JOAN FABIAN, and<br>THE WASHINGTON COUNTY D.A.,<br><br>    Defendants. | Civil No. 08-5896 (DWF/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota has filed a self-styled pleading entitled "42 U.S.C. 1983 Civil Rights Complaint." (Docket No. 1.) The matter has been assigned to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be summarily dismissed pursuant to § 1915A(b)(1).

**I.    BACKGROUND**

Plaintiff's complaint in this case is very poorly crafted, and nearly impossible to decipher. He seems to be alleging that while he was previously incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-Stillwater"), he filed a post-

---

[1] Plaintiff did not tender the statutory filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners normally must pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

conviction motion in the state district court for Washington County, Minnesota, which challenged the conviction and sentence for which he is incarcerated. Plaintiff claims that he did not receive a certain order pertaining to his state post-conviction motion until after the deadline for appealing that order had expired. However, he apparently asked the Minnesota Supreme Court for permission to file a late appeal, and that request apparently was granted. Thus, as far as the Court can tell, Plaintiff was able to seek appellate review of the order at issue, even though his receipt of that order was delayed.

Plaintiff seems to believe that someone at MCF-Stillwater tried to prevent him from receiving the order pertaining to his post-conviction motion. He also seems to believe that someone has been interfering with some of his other incoming and outgoing mail while he has been in prison.

Plaintiff is now attempting to sue two parties – the Commissioner of the Minnesota Department of Corrections, Joan Fabian, and "The Washington County D.A." The caption of Plaintiff's complaint indicates that this action is brought under 42 U.S.C. § 1983, which suggests that Plaintiff is trying to sue the named Defendants for allegedly violating his federal constitutional rights. However, the complaint does not actually allege that Defendants violated Plaintiff's constitutional rights, nor does the complaint show that Plaintiff has sustained, (or is likely to sustain), any actual injury. Indeed, Plaintiff's complaint does even include any request for any relief.

## II.     DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to

screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the Plaintiff's complaint fails to state a cause of action on which relief can be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state a cause of action on which relief can be granted, a complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some cognizable legal theory.  While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).

In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

In this case, Plaintiff has failed to plead an actionable civil rights claim against either of the two named Defendants, because his complaint does not describe any specific act or omission by either Defendant that allegedly violated his federal constitutional rights.

The Court initially notes that Defendant Joan Fabian is never even mentioned anywhere in the body of Plaintiff's complaint. Thus, the complaint obviously does not describe anything that Defendant Fabian personally did, (or failed to do), that allegedly violated Plaintiff's federal constitutional rights.

It appears that Plaintiff may be attempting to hold Defendant Fabian vicariously liable for some alleged constitutional wrongdoing by one or more of her subordinates, (although, in fact, Plaintiff's complaint does allege that <u>anyone</u> violated the federal Constitution). Such a claim, however, would not be actionable under 42 U.S.C. § 1983, because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own acts or omissions directly caused a violation of the plaintiff's constitutional rights. Because Plaintiff's pleading does not include any such allegations with regard to Defendant Fabian, he has failed to state an actionable civil rights claim against her.

Plaintiff's complaint also fails to state an actionable claim against Defendant Washington County D.A. Plaintiff evidently believes that someone in the Washington County D.A.'s office has tried to prevent him from prosecuting his appeal in his state post-

conviction case, but he has not alleged any specific <u>facts</u> describing anything that the "Washington County D.A." himself (or herself) actually did, or failed to do, that allegedly violated the federal Constitution. Therefore, Plaintiff has not pleaded an actionable § 1983 claim against the Washington County D.A.[2]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has not pleaded any actionable claim for relief against either of the named Defendants. The Court will therefore recommend that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that his application for leave to proceed IFP, (<u>see</u> n. 1, <u>supra</u>), be denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[3] To date, he has not paid any fee at all, so he still owes the full $350.00 fee. Prison officials will have to deduct that amount

---

[2] The Court again notes that Plaintiff has not identified any compensable injury for which he might be granted relief, and in fact, he has not even requested that any relief be awarded to him in this action. This reinforces the Court's determination that Plaintiff has failed to plead an actionable civil rights claim.

[3] Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Plaintiff's complaint in this case was accompanied by several additional documents, including three collateral "motions," which the Clerk's Office has identified as (i) a "motion to file informal complaint," (Docket No. 3), (ii) a "motion for leave to file a federal complaint under 42 U.S.C. § 1983," (Docket No. 5), and (iii) a "motion asking this Court to make copies," (Docket No. 7). Because Plaintiff's complaint has been accepted and filed as a complaint seeking relief under 42 U.S.C. § 1983, and because the Court has determined that the complaint must be dismissed pursuant to § 1915A, it will be recommended that Plaintiff's three collateral motions be summarily denied as moot.

Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's "motion to file informal complaint," (Docket No. 3), Plaintiff's "motion for leave to file a federal complaint under 42 U.S.C. § 1983," (Docket No. 5), and Plaintiff's "motion asking this Court to make copies," (Docket No. 7), be **DENIED AS MOOT**;

3.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated:     November 13, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 2, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.